**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ADRIANA DE LA CARIDAD CALA
MARQUEZ,

      Petitioner,

v.

WARDEN, Otero County Processing Center;
U.S. ATTORNEY GENERAL; EL PASO
FIELD OFFICE DIRECTOR FOR
IMMIGRATION AND CUSTOMS
ENFORCEMENT; ACTING DIRECTOR
OF U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; and MARKWAYNE
MULLIN,

      Respondents.

Case No. 2:26-cv-01527-MIS-SCY

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Adriana De La Caridad Cala Marquez's

pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed

May 13, 2026.  The federal Respondents filed a Response on May 29, 2026 ("Response").[1]  ECF

No. 6.  Upon review of the Parties' submissions, the record, and the relevant law, the Court will

**GRANT** the Petition.

## I.    Background

Petitioner is a citizen of Cuba who entered the United States from Mexico on December

13, 2024, after applying for admission by booking an appointment via the CBP One application.

See Form I-831 Narrative, ECF No. 6-1 at 2.  Immigration officials served Petitioner with a Notice

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

to Appear and paroled her into the United States with a Form I-94 pending her removal proceedings.  Id.  Her parole was set to expire on December 12, 2026.  See ECF No. 1 at 16.

It appears that on October 27, 2025, Petitioner appeared for a scheduled immigration hearing in El Paso, Texas.  Id. at 11; Form I-831 Narrative, ECF No. 6-1 at 2.  At that hearing, the Immigration Judge ordered Petitioner removed to Cuba.  Order of the Immigration Judge ("Removal Order"), ECF No. 6-2 at 1.  Upon leaving the courtroom, U.S. Immigration and Customs Enforcement officers served Petitioner with a Warrant of Arrest and took her into custody.  ECF No. 1 at 11-12; Form I-831 Narrative, ECF No. 6-1 at 2.  Petitioner was detained in El Paso for more than five months before being transferred to the Otero County Processing Center on April 10, 2026, where she is currently detained.  ECF No. 1 at 12.  Petitioner's appeal of the Removal Order is currently pending before the Board of Immigration Appeals ("BIA").  See id. at 33-34; Resp. at 2.

On May 13, 2026, Petitioner filed the instant Petition, arguing that her prolonged detention violates her due process rights under the Fifth Amendment to the United States Constitution.  Pet. at 6.  She seeks "immediate release or a fair alternative."  Id. at 7.

On May 15, 2026, the Court issued an Order to Show Cause and enjoined Respondents from transferring Petitioner to any facility outside the District of New Mexico.  ECF No. 4.

On May 29, 2026, the federal Respondents filed a Response arguing that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1182(d)(5)(A) and 1225(b) because her parole has been revoked.  ECF No. 6 at 6-7.

II.     **Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to

2

issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.   Discussion

Petitioner argues that her prolonged detention—now exceeding seven months—violates the Fifth Amendment's Due Process Clause. Pet. at 6. Respondents argue that Petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(1). Resp. at 2-7. They argue that because Petitioner's parole was revoked, her "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." Id. at 7 (quoting 8 U.S.C. § 1182(d)(5)(A)). They argue that Section 1182(d)(5)(A) "returns Petitioner to the status she held and the position she was in when she presented herself timely at her appointment for border inspection on December 13, 2024." Id. at 7.

The Court finds that this case is materially analogous to this Court's decision in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), and adopts the analysis contained therein. Initially, the Court will assume, without deciding, that (1) Petitioner's parole was properly revoked and (2) Petitioner is properly classified as an "arriving alien" subject to detention under 8 U.S.C. § 1225(b)(2). However, for the reasons

explained in Mardanpour, 2026 WL 963164, at *6-8, even "arriving aliens" subject to detention under Section 1225(b)(2) may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981)); under the circumstances of this case, Petitioner's indefinite, ongoing detention of more than seven months, with no reasonably foreseeable end in sight,[2] is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of her Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis,  533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Mardanpour, 2026 WL 963164, at *3-8; Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243.  The "typical remedy" for "unlawful executive detention" is release from custody.  Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The Court finds that immediate conditional release is the appropriate remedy.  See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

---

[2]    As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years."  2026 WL 963164, at *6.  In any event, Respondents present no evidence or argument that the end of Petitioner's detention is reasonably foreseeable.  See generally Resp., ECF No. 6.

4

**IV.    Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Adriana De La Caridad Cala Marquez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Adriana De La Caridad Cala Marquez from custody/detention subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.    Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4.    Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in her administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to effectuate removal; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE